IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**GARY RUSSELL CLAYTON,**

    **Petitioner,**

**vs.**      **1:07cv262-MMP/AK**

**JAMES MCDONOUGH,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

Petitioner, an inmate proceeding *pro se*, has filed a second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 11, and has paid the filing fee. The original petition is dated December 19, 2007. *See* Doc. 1.

On January 21, 2000, Petitioner was convicted of robbery with a weapon and abuse of a disabled adult and sentenced to thirty years imprisonment. Doc. 11. He appealed, and his conviction and sentence were affirmed on March 19, 2001. *Clayton v. State*, 783 So.2d 254 (Fla. Dist. Ct. App. 2001). That decision became final ninety days thereafter, or June 18, 2001. *Nix. v. Secretary for Department of Corrections*, 393 F.3d 1235 (11th Cir. 2004). On or about November 1, 2002, Petitioner filed a petition for writ of habeas corpus in state court, which was denied

on December 13, 2002. *Clayton v. State*, 835 So.2d 1113 (Fla. Dist. Ct. App. 2002).[1]
On March 17, 2003, Petitioner filed a Rule 3.850 motion for post-conviction relief, Doc. 11, which was affirmed on appeal on August 20, 2007. *Clayton v. State*, 963 So.2d 230 (Fla. Dist. Ct. App. 2007).

From the date that Petitioner's conviction became final, he had one year to seek federal habeas review of his conviction, or June 18, 2002. 28 U.S.C. §2244(d)(1)(A). As the instant petition was not filed until December 19, 2007, over five years out of time, Petitioner clearly missed the filing deadline, and nothing he did in state court after the expiration of the statute of limitations serves to revive the time for filing here. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). In other words, the time for filing the instant petition had expired before Petitioner filed either the November, 2002, habeas corpus petition or the March, 2003, post-conviction motion in state court, and the filing of those proceedings could not toll a statute of limitations that had already expired. It is of no consequence that the State statute allows a prisoner two years to seek post-conviction relief, as he has only one year to seek relief in this Court.

Though the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, a review of the documents reveals nothing to support equitable tolling. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are

---

[1] For purposes of this R&R, the Court assumes that the state court habeas petition concerned the conviction and sentence now under attack.

*Case No: 1:07cv262-mmp/ak*

both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).

Because the instant petition is untimely, it is respectfully **RECOMMENDED** that the second amended petition for writ of habeas corpus, Doc. 11, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this __11th__ day of February, 2008.

       *s/ A. KORNBLUM*
       **ALLAN KORNBLUM**
       **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.