# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**GARY RUSSELL CLAYTON,**

    **Petitioner,**

**vs.**                                                                              **1:07cv262-MMP/AK**

**JAMES MCDONOUGH,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

By prior Report and Recommendation, the Court recommended that the second amended petition for writ of habeas corpus, Doc. 11, be denied as untimely. Doc. 15. In response, Petitioner filed a set of exhibits placing the conclusion in question, Doc. 18, and the district judge rejected the R&R and remanded the case to the undersigned "to issue a new Report and Recommendation concerning whether the documents filed at doc. 18 changes the timeliness analysis in this case." Doc. 20. Having carefully considered the matter, the Court concludes that while the analysis has changed, the conclusion that the instant petition is untimely has not.

On January 21, 2000, Petitioner was convicted of robbery with a weapon and abuse of a disabled adult and sentenced to thirty years imprisonment. Doc. 11. He

appealed, and his conviction and sentence were affirmed on March 19, 2001. *Clayton v. State*, 783 So.2d 254 (Fla. Dist. Ct. App. 2001). That decision became final ninety days thereafter, or June 18, 2001. *Nix. v. Secretary for Department of Corrections*, 393 F.3d 1235 (11th Cir. 2004). The one-year clock for seeking habeas relief in this Court began running on that date.

From the documents presented by Petitioner, it appears that on April 11, 2002, he filed a petition for writ of habeas corpus based on appellate counsel's alleged ineffectiveness. Doc. 18. That filing stopped the running of the statute of limitations here. The habeas petition was denied in state court on December 13, 2002. *Clayton v. State*, 835 So.2d 1113 (Fla. Dist. Ct. App. 2002). Petitioner does not get the benefit of a 90-day certiorari period from the denial of post-conviction relief, and thus, the clock began running again on or about December 13, 2002. It ran until March 17, 2003, when Petitioner filed a Rule 3.850 motion for post-conviction relief, Doc. 11, which was affirmed on appeal on August 20, 2007. *Clayton v. State*, 963 So.2d 230 (Fla. Dist. Ct. App. 2007). The original petition was filed here on December 20, 2007, when it was provided to prison officials for mailing.

Between June 18, 2001, and April 11, 2002, approximately 297 days of the 365-day statute of limitations expired. While the limitations period was tolled during the time that the habeas corpus petition was pending in state court, the time began running again on or about December 13, 2002, and ran unabated until March 17, 2003, approximately 93 days. When the 93 days is added to the 297 days which had already expired before any post-conviction relief was requested, a total of 390 days elapsed. In other words by the time that Petitioner filed his 3.850 motion, the

time for seeking relief here had expired approximately 25 days earlier, and nothing he did in state court after the expiration of the statute of limitations serves to revive the time for filing here.  See *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

Though the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, a review of the documents reveals nothing to support equitable tolling.  See *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).

Because the instant petition is untimely, it is again respectfully **RECOMMENDED** that the second amended petition for writ of habeas corpus, Doc. 11, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this   **10th**   day of December, 2008.

s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**